## THE PEOPLE *v.* JULIÁN.

### APPEAL from the District Court of Guayama.

#### No. 465.—Decided December 3, 1912.

CRIMINAL LAW—ORDER OF INTRODUCING EVIDENCE—DISCRETION OF COURT.—A court does not commit error when, in the exercise of its discretional power to regulate the order of introducing evidence, it allows a party to investigate any fact directly related to the fact at issue after he has introduced all of his evidence and rested.

ID.—CARRYING CONCEALED WEAPONS—EVIDENCE—PROCEDURE—EVIDENCE INTRODUCED AFTER RESTING.—In the case at bar it was held that the *fiscal* having waived the examination of the balance of his witnesses, reserving the right to introduce the weapon taken from the accused, such waiver does not imply that the *fiscal* had closed his case after introducing all of his evidence, and the trial court committed no error in permitting him to prove that a revolver was really taken from the accused, which permission he requested upon discovering that said revolver had not been received by the court.

ID.—CARRYING CONCEALED WEAPONS—EVIDENCE.—The offense of carrying concealed weapons does not consist in the taking of a certain class of weapons from the accused but in that he carries on or about his person, saddle, saddle-bags or panniers, any pistol, dirk, etc. (Acts of 1905, p. 17), and therefore in order to convict a person accused of this offense it is not necessary to prove that the weapon was taken from him nor that the weapon be produced in evidence at the trial.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Charles E. Foote, fiscal,* for The People.

MR. JUSTICE ALDREY delivered the opinion of the court.

The District Court of Guayama tried on appeal a complaint filed in the peace court of that town against Lucas Julián and found him guilty of the crime of carrying concealed weapons, with which he was charged, and sentenced him accordingly. From that judgment Lucas Julián took an appeal to this court but failed to file an assignment of errors or to appear at the hearing, although in the transcript of the record there is a bill containing the evidence taken during the trial and the exceptions which counsel for the defendant entered to certain rulings of the trial court.

It appears from said bill that after the *fiscal* had exam-

ined two witnesses he waived the presentation of the rest of
his evidence, but asked leave of the court to offer as evidence
the revolver which was found in the possession of the de-
fendant, and upon being informed by the secretary of the
court that no such weapon had been received there he an-
nounced that he would offer testimony to prove its loss.

Later he also waived this evidence and said he would
present witnesses who had seen the weapon in the peace
court, when counsel for the defendant objected to this class of
testimony, first, because the *fiscal* had already closed his case,
and second, because the testimony of the witness offered as
to the fact that a record of the weapon had been made in the
police register is not evidence that the said weapon was the
property of the defendant and that it was found on his person
and offered as evidence during his trial.

Concerning the first ground of exception we will say that
the *fiscal* had not yet closed his case, for although he waived
the right to examine the rest of his witnesses he announced
that he would present the weapon taken from the defendant,
and when he learned that the same had not been received in
court he made an effort to prove in some other way that a
revolver really was found on the person of the accused.   But
even though it were true that when he offered this last evi-
dence the *fiscal* had already exhausted his evidence, the court
did not commit error in admitting it because it has the dis-
cretionary power to regulate the order in which testimony
shall be introduced and to permit inquiry into any fact di-
rectly connected with the issue.   *Arruza* v. *Laugier et al.,*
14 P. R. R., 24.

The second ground of exception is intimately related to a
motion filed by counsel for the defendant after the conclusion
of the evidence, for which reason we shall treat them jointly.

After the *fiscal* had concluded his evidence counsel for the
defendant alleged that the crime imputed to his client had
not been proven because sufficient evidence of the existence

of the weapon seized, which is the *corpus delicti* or supplemental evidence in accordance with the law of evidence, had not been introduced, and that therefore in the absence of that proof, which is all important in a case of carrying concealed weapons, The People had failed to prove its case.

This motion and the second ground upon which the one previously mentioned was founded seem to support the theory that in cases of carrying concealed weapons it is necessary that the weapon found on the person be produced, and that secondary evidence is admissible only in the absence of such proof.

In the case at bar, although the weapon found on the defendant was not produced in the district court, yet it was shown sufficiently to said court that when arrested Lucas Julián carried a revolver loaded with four cartridges, which was seized, a fact sufficient in itself to find him guilty of the crime he was tried for, the production of the weapon not being an essential element in the trial for the offense of carrying concealed weapons, which offense does not consist of the fact that any specified weapon was taken from the accused, but in proving that he carried on or about his person, saddle, saddlebags or panniers, any pistol, dirk, etc. (Act of Porto Rico, 1905, p. 17.)

If, then, the offense consists in the act of carrying on or about one's person any of the weapons specifically mentioned in the law relative to the matter, upon proof being offered of such fact the seizure of the weapon or its production in the court trying the case is not necessary for the purposes of a conviction, for which reason the error alleged by the appellant that the weapon was not produced in court does not exist.

We do not see any reason for reversing the judgment and it should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.